This case is an appeal and cross appeal from an order of the Court of Common Pleas of Warren County which denied a motion to dismiss the indictment for aggravated theft against the Appellant, David A. Garretson, after which the Appellant entered a no contest plea, was found guilty and was sentenced by the trial court. The Appellant challenges the refusal of the trial court to dismiss the indictment while the State challenges the trial court's order of restitution.
The facts which give rise to this controversy are as follows. The victim of the aggravated theft was an elderly woman. The Appellant had been friends with the victim and her husband for a long period of time and had represented the couple as their attorney. After the death of her husband the victim used a grantor trust to manage her money. From time to time, the trustee was instructed to deposit funds from the trust into a checking account from which the victim could then pay for her day to day expenses. A few years before the death of the victim, she changed the checking account to a joint account with the Appellant. Thereafter the Appellant had the authority to write checks against the account on his signature alone and without the knowledge of the victim. Over the next three years, the Appellant withdrew approximately $423,000 belonging to the victim.
The trustee became alarmed at the amount of money needed to prevent the checking account from being overdrawn. He moved to close the checking account and initiated an inquiry into the situation. A guardian of the estate of the victim was appointed by the Warren County Court of Common Pleas, Probate Division. After an extensive examination of the bank records, the guardian entered into negotiations with the Appellant in an effort to recover the missing funds. It was eventually determined, in the opinion of the guardian, that the Appellant could only repay $40,000 in cash and give a second mortgage to secure a promissory note for an additional $20,000.
The guardian went to the Court of Common Pleas, Probate Division, for permission to settle the claim for that amount. The court was presented with an Application for Authority to Settle Claim which was accompanied with an Agreement and Complete Release to be signed by the parties upon approval by the court. The Agreement and Complete Release contained the following provision:
 The Claimants or anyone related to the Claimants shall not seek or initiate any criminal prosecution (directly or indirectly) regarding any of the allegations against David A. Garretson involved in this dispute. Garretson disputes any criminal liability in this matter.
In due course, the court approved the proposed settlement and authorized the guardian to enter into the settlement, to receive the funds and to execute and deliver the Agreement and Complete Release.
After the claim had been settled, the settlement amount paid over and the release signed, the office of the prosecuting attorney was contacted by a stepson of the victim. The facts were presented to the grand jury which resulted in an indictment against Appellant for aggravated theft.
Appellant attacked this indictment with a motion to dismiss which the court overruled. On appeal Appellant challenges this decision by the trial court with the following assignment of error:
 The trial court erred by failing to grant Appellant's motion to dismiss Appellant's indictment because the prosecution of Appellant is precluded by judicial estoppel and res judicata, and violates double jeopardy and due process principles.
Appellant first argues that the doctrine of judicial estoppel precludes his prosecution. Appellant relies on the order of the Warren County Court of Common Pleas, Probate Division, which authorized the settlement of the civil claim against Appellant and specifically ordered that Appellant be given a full and complete release which included a "no prosecution" clause. We find that nothing transpired in the probate division which would preclude prosecution of Appellant on the charge of aggravated theft. Judicial estoppel is discussed in American Jurisprudence 2d (1966) 700, Estoppel and Waiver, Section 71 as follows:
 The term `judicial estoppel' is sometimes used to indicate estoppel arising from sworn statements made in the course of judicial proceedings. It may be called `estoppel by oath.' It is a general rule that a party is bound by his judicial declarations and may not contradict them in a subsequent action or proceeding, where the prior and subsequent litigations involve the same parties, and where one party has relied on the former testimony and changed his position by reason of it.
As Justice Douglas, in his dissenting opinion in Scioto Mem. Hosp. Assn., Inc. v. Price Waterhouse (1996), 74 Ohio St.3d 474,481, succinctly stated: "The doctrine of judicial estoppel prevents a party from staking out a position in a subsequent action that is inconsistent with a position taken in a prior action."
It takes just a few moments to conclude that judicial estoppel has no application in this case. In his brief the Appellant relies heavily on the fact that the judge of the probate division authorized the guardian to settle the claim and ordered the guardian to execute and deliver the release which included the "no prosecution" clause. However, judicial estoppel is not based on the orders of a judge but rather on the actions of a party.[1] Appellant has misconstrued the doctrine of judicial estoppel. We reject Appellant's argument based on judicial estoppel.
Next Appellant argues that the proceedings in the probate division were brought under R.C. 2109.50[2] which is a quasi-criminal proceeding which could have resulted in the imprisonment of Appellant and by reason thereof, double jeopardy applies to prevent the prosecution by the State. Appellant misconstrues R.C.2109.50 et seq. R.C. 2109.52 authorizes the probate court to render judgment for the amount of money taken from the trust estate. There is no authority to imprison the wrongdoer for the theft. The only authority to confine is found in R.C. 2109.51
where the court is authorized to commit a person to the county jail for refusing to answer interrogatories. These statutes do not give the probate division jurisdiction to determine guilt or innocence of a crime or to punish on a determination of guilt. We reject Appellant's double jeopardy argument.
Appellant next argues that judicial estoppel and the related concepts of res judicata and collateral estoppel prevent his prosecution. The Appellant, in his brief, points out that for these doctrines to apply to the issues to be addressed in the State's prosecution they must have been litigated in the prior action; however, the record on appeal contains none of the proceedings in the probate division. The record contains the Application for Authority to Settle a Claim, Agreement and Complete Release and the entry of the court authorizing settlement. These documents came from the probate division but they afford us no basis to decide what issues, if any, were tried in the probate division. The Application to Settle appears to be solely the representations of the guardian to the court while the Agreement and Complete Release appears to be the product of negotiation between the Appellant and the guardian. In any event, we can find no representation by the State of Ohio in these documents which would preclude the prosecution of the Appellant.
 For the reasons set forth above, we overrule Appellant's assignment of error.
The Appellee, State of Ohio, filed a cross appeal in this case and presented one assignment of error.
 The trial court erred in holding that it was compelled to follow a civil settlement held to be void as against public policy, when considering its order of restitution.
The sentence imposed by the trial court in a criminal case is generally within the sound discretion of the trial court and appellate review is confined solely to whether the trial court abused that discretion. See former R.C. 2929.12(A).[3] "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. After careful consideration we find it to be an abuse of discretion to award restitution in the amount of $60,000 in this case.
According to former R.C. 2929.11(E), a sentencing court may "require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the value of the property that is the subject of any theft offense * * * ." The uncontroverted evidence before the trial court was that Appellant took in excess of $423,000 from the victim. The restitution ordered in this case is less than 15% of the loss and the only explanation offered by the trial court was that the court felt "compelled" to abide by the settlement agreement reached in the probate division. The term "unconscionable" can be defined as shockingly unfair or unjust. Merriam-Webster's Collegiate Dictionary (10 Ed. 1993) 1286. We find the restitution order in this case to be unconscionable in that it is shockingly unfair. There appears of record no reason that the Appellant should be ordered to repay less than 15% of the money taken from the victim. We note that when the trial court reconsiders the issue of restitution on remand, the amount Appellant has been ordered to pay under the civil settlement agreement should act in mitigation of the total amount of restitution ordered in the criminal case.
We sustain the Appellee's cross assignment of error.
The Appellant's assignment of error is overruled and the Appellee's cross assignment of error is sustained. The sentence of the trial court is affirmed except for the order of restitution. The order of restitution entered by the trial court is reversed and vacated and this case is remanded to the trial court for further consideration of the amount of restitution to be ordered.
Judgment affirmed in part and reversed in part and case remanded to the trial court of further consideration of the order of restitution.
HADLEY and BRYANT, JJ., concur.
[1] Although Appellant's sole argument in favor of applying the doctrine of judicial estoppel to the instant case fails on the fact that he relies on the probate court's judgment entry instead of the judicial declarations of a party, we also note that the doctrine is inapplicable for the reason that the prior and instant litigations do not involve the same parties.
[2] R.C. 2109.50 states in part:
 Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate * * * by a person interested in such trust estate * * * against any person suspected of having concealed, embezzled, or conveyed away or of being or have been in the possession of any moneys, chattels, or chooses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint.
[3] Because Appellant was convicted of aggravated theft based on conduct occurring from 1993 to 1996, the statutory references made in this opinion refer to the former statutory versions in effect during this time.